THE SILLS STOVE WORKS *vs.* CHARLES H. BROWN.

May Term, 1899.

Present: ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed August 12, 1899.

*Deceit—Evidence.*—The defendant gave the plaintiff a written statement of the assets and liabilities of the defendant's firm as a basis of present and future credit, and promised therein to advise the plaintiff of any material change. The declaration alleged that in giving the firm credit, then and from time to time thereafter, the plaintiff relied upon the writing. *Held,* that the plaintiff was not entitled to prove subsequent oral statements of the same tenor as a basis of recovery.

*Deceit—Evidence.*—Whether such oral statements would have been admissible as throwing light on the defendant's purpose in making the written statement, is not considered.

*Deceit—Evidence*—As the written statement related solely to the financial condition of the firm, evidence tending to show the defendant's individual indebtedness on that date and afterwards was irrelevant.

*Evidence—Plaintiff Bound by Declaration.*—The action having been brought upon the ground that there was a partnership and that the defendant made false representations concerning it, the plaintiff was not entitled to prove that there was no partnership and that the property represented as belonging to the firm belonged to the defendant individually.

*Evidence—What an Offer Must Show.*—The plaintiff offered the records of the court of insolvency to show certain things, but the case does not disclose whether the records would have supported the offer; hence it cannot be held that they were improperly excluded.

*Evidence.*—Moreover in the present instance the offer was to show matters which the records of the court of insolvency would not properly contain and which, therefore, it is to be presumed they did not contain; but if they had contained them they would not have been evidence.

*Evidence—Intent to Deceive.*—If one gives another a written statement of his resources as the basis of present and future credit, and therein promises to advise of any material change, the statement is not such a continuous obligation that the failure to keep the creditor advised must be treated as an intention to deceive,—the test being whether there was an intent to deceive when the written statement was made.

CASE for deceit. Trial by jury, at the December term,

1898, Windsor county, *Taft*, J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

With reference to the fourth point in the opinion, it appeared that the defendant had afterwards given a mortgage upon the property covered by the statement, and the plaintiff requested the court to charge that the written statement "made a continuous obligation on the part of the defendant which if he did not perform it, should be treated as intended to deceive the plaintiff," but the court declined to so charge, instructing the jury that the real question was whether the defendant had intended at the time he made the written statement to deceive the plaintiff and did not at that time intend to notify them of any such change.

*Pingree & Pingree* for the plaintiff.

*Hunton & Stickney* for the defendant.

TYLER, J. The plaintiff was a manufacturer of and wholesale dealer in stoves and ranges. The defendant was a member of the firm of C. H. Brown & Co., composed of himself and his wife, Jennie A., engaged in retail trade at White River Junction in this State. C. H. Brown & Co. had bought goods of the plaintiff prior to February 3, 1896, and on that day, for the purpose of obtaining credit with the plaintiff, it made and delivered to the plaintiff a statement of its assets and liabilities as follows: "C. H. Brown & Co., of . . . for the purpose of obtaining a credit with Sills Stove Works, Rochester, N. Y., for goods which we may now or hereafter purchase of them, do make the following statement and representation of our present true total assets and liabilities, which representation shall be the basis of our credit with Sills Stove Works, both for the present purchase and for all purchases made hereafter, agreeing to immediately notify them of any material change in our business matters. In case of failure or insolvency, it is agreed that all notes or accounts shall be considered then due.

"We are a co-partnership of Charles H. Brown and Jennie A. Brown.

"We own assets and owe debts as follows"—giving assets amounting to $9,950, and liabilities, $4,300, with signature of firm and of individual members.

It is alleged in the declaration that the plaintiff relied upon the statements contained in the writing and that so relying, on the day of its date and thereafter from time to time down to August 5, 1897, it sold and delivered merchandise to the defendant's firm and took its promissory notes therefor; that those statements were false and were made with intent to deceive and defraud the plaintiff; that the plaintiff was unable to collect payment of the notes, except in part, and was damnified. There is no averment of subsequent oral statements of a similar kind.

The plaintiff's evidence tended to show that on August 5, 1897, the business of the defendant's firm was closed by attachments and that the defendant's voluntary insolvency followed a few weeks afterwards.

The main question at the trial was, for what purpose the writing was made,—whether to express the defendant's belief in respect to his firm's financial condition, or, having knowledge of its insolvency, with intent to deceive and fraudulently obtain credit.

(1) The plaintiff offered evidence tending to show that on various occasions, especially in March, May, June and August, 1897, when the defendant gave the plaintiff's traveling salesman orders for goods, he in substance repeated to him the statements contained in the writing of February 3, 1896, which evidence was excluded. The case states that the testimony offered tended to show that all the goods sold to the defendant were sold solely in reliance upon the statements contained in the writing and upon substantially the same statements orally made from time to time thereafter as goods were sold, and as tending to show a fraudulent intent from the time the statements were first

made; and further, that it was for the purpose aforesaid and in view of the continuous nature of the representations made on the occasions when orders were taken and filled.

There was no error in the exclusion of this evidence, for the declaration counts only upon the written statements, and there could be no recovery in consequence of their repetition or continuous character. It is needless to consider whether subsequent oral statements of a like character were admissible to throw light upon the defendant's purpose in making the writing; the evidence was not offered for that purpose.

(2) As the writing of February 3, 1896, related solely to the financial condition of the firm, the evidence offered tending to show the defendant's individual indebtedness on that date and its continuance was irrelevant and properly excluded.

(3) The plaintiff offered the records of the court of insolvency to show that defendant, in his schedule of assets, treated the property in the store as his own (which he had included in the statement to the plaintiff as the property of C. H. Brown & Co.) as tending to show, together with the said chattel mortgage to Mrs. Daley, that the claim of February 3, 1896, that there was a partnership, was false and that the property was in fact the defendant's private property, while the firm owned none of it, and that all the bills nominally due C. H. Brown & Co. were treated by defendant and were in fact his property; also as tending to show that the real estate which he had represented to be the firm's stood in his name and was always treated as his own, and that no transfer or change was ever made of this property from the firm to any one after the said representations were made, this tending to show that it was defendant's from the first, which offer was rejected.

It is not alleged in the declaration that there was no partnership; on the contrary, the action is brought upon the ground that there was a partnership and that the defendant made false representations concerning it.

The case does not state that the records would have shown the fact that the defendant scheduled the property as his own and not as the firm's. The offer was too broad, for it could not have appeared by the insolvency records that the real estate, which the defendant had represented to be the firm's, stood in his name, that it had always been treated as his, and that it had never been transferred by the firm to any one after the representations were made. The records must be presumed to have contained only the matters which they ought to have contained. If the records had contained the matters alleged they would not have been competent evidence. Some of the matters could only have been shown by deeds or the records thereof.

(4) There was no error in the charge upon the view of the case above indicated. The instruction in respect to the mortgage given by the defendant on the stock and his neglect to notify the plaintiff was as favorable to it as the evidence warranted.

*Judgment affirmed.*